YABUCOA SUGAR CO., PLAINTIFF AND APPELLANT, *v.* MUNICI-
PALITY OF YABUCOA, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Humacao in an Action
for the Annulment of a Municipal Ordinance.

No. 3081.—Decided June 16, 1924.

MUNICIPAL ORDINANCE—CERTIORARI.—The proper proceeding for securing the annulment of a municipal ordinance is the writ of certiorari authorized by the Municipal Law of 1919.

ID.—TAXES—PAYMENT UNDER PROTEST.—If a tax imposed by a municipal ordinance must be collected by the Treasurer of Porto Rico, the remedy of the plaintiff is to pay it under protest and bring the corresponding action for the refund of the tax if it is unlawful, excessive or erroneous.

The facts are stated in the opinion.

*Messrs. González Fagundo & González, Jr.,* for the appellant.

*Mr. J. Soto Rivera* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The District Court of Humacao sustained a demurrer to the complaint in this case. The complainant alleged the nullity of a municipal ordinance seeking to impose a tax on sugars manufactured by the Yabucoa Sugar Co. and the court below held that this taxation was justifiable in accordance with the decisions of this court in the *Fantauzzi* and *Central Victoria Cases.* These cases were reversed by the Circuit Court of Appeals, First Circuit, and are now pending in the Supreme Court of the United States; but it is questionable whether the matters on which appellant relies have been touched upon in the said reversals. We shall not consider these cases in great length because we are of the opinion that the judgment of the court below should be affirmed for other reasons given by the district court.

This suit was brought in ordinary form and, after alleging the nullity of the ordinance, asked for a judgment decreeing the said nullity. The complaint did not set up that the defendant had taken any steps to enforce the collection of the tax. On the contrary the complaint said that no such steps had been taken, but expressed the fear that the ordinance would be put into effect. We have held that an ordinary action did not lie to annul an ordinance. *The Property Owners' League* v. *The City of San Juan,* 14 P.R. R. 85; *Truyol* v. *Municipality of Guayama,* 19 P.R.R. 517; *San Juan Hippodrome Co.* v. *Insular Racing Commission,* 21 P.R.R. 1. The sole remedy given to annul an ordinance is the certiorari of the Municipal Law of 1919. The present complaint does not purport to be a certiorari, nor does the appellant maintain that it should be so considered.

We are inclined to the view that the court below was correct in saying that if the collection of the tax imposed is to be made by the Treasurer of Porto Rico, the plaintiff

may avail himself of the remedy of making the payment under protest and bring the necessary action for the return thereof, if the said tax is illegal, excessive or erroneous. Act No. 17 of May 13, 1920.

The judgment must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.